UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                Plaintiff

     v.                              DECISION AND ORDER
                                            11-CR–266

LARRY VINCENT LAWSON,

                Defendant.

Defendant is charged in a three-count indictment with being a felon in possession of a firearm (18 U.S.C. §§922(g)(1) and 924(a)(2)) and possession of a controlled substance containing cocaine (21 U.S.C. §844(a)). (Dkt. No. 1) The charges arise from the seizure of a firearm, ammunition, cocaine and related paraphernalia following a search of defendant's apartment on March 29, 2010. Pursuant to 28 U.S.C. §636(b)(1), the matter was referred to Magistrate Judge Jeremiah J. McCarthy for supervision of all pretrial proceedings.

Defendant moved to suppress the contraband discovered in his apartment and statements he made to the police on the morning of the seizure. (Dkt. No. 13) Defendant argues that he did not give consent to search his apartment at 335 Summer Street, Buffalo, New York, and that the evidence and statements must be suppressed since their recovery violated his Fourth Amendment rights. Following an evidentiary hearing, Magistrate Judge McCarthy issued a Report

and Recommendation granting defendant's motion to suppress the evidence and statements. (Dkt. No. 29)

The Government filed objections to the Report and Recommendation and defendant filed a response. (Dkt. Nos. 34 and 36) Oral argument was scheduled for July 18, 2013. Counsel for the Government appeared and presented an oral argument with respect to the Government's objections. Counsel for defendant failed to appear. The Court considered the matter submitted.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. After reviewing Magistrate Judge McCarthy's Report and Recommendation, the parties' submissions, and hearing oral argument from the Government, the Court hereby adopts the findings set forth in Magistrate Judge McCarthy's Report and Recommendation.

Magistrate Judge McCarthy found, based upon the totality of the circumstances, that the Government failed to prove by a preponderance of the credible evidence that defendant consented to a search of his apartment by City of Buffalo police officers. In support of his findings, the Magistrate Judge noted that the officers' testimony at the hearing contradicted the Government's prior position and that the officers' testimony was "inherently improbable". The Magistrate Judge also credited defendant's testimony that he never consented to a search of his apartment. With respect to the incriminating statements made by

defendant, the Magistrate determined that the Government had not satisfied its burden in showing that the statements were sufficiently attenuated to remove the taint of the illegal search.

The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings. *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (*quoting Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999)); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised.").

The Government argues that this Court should decline to adopt the Report and Recommendation, or, in the alternative, conduct its own evidentiary hearing to make determinations of credibility and findings of fact as to whether defendant consented to a search of his apartment. The crux of the Government's argument is that the Magistrate Judge failed to use the "reasonable innocent person" standard in evaluating whether defendant gave consent to search his home. This Court disagrees, and finds that the Magistrate Judge made appropriate and well-

reasoned findings of fact, and that he applied the correct legal standard to those findings of fact when determining that defendant never consented to a search of his residence.

The Government bears the burden of showing, by a preponderance of the evidence, that consent to search is voluntarily given. *United States v. Isiofia*, 370 F.3d 226, 230 (2d. Cir. 2004). The Supreme Court has noted that in determining whether consent is voluntarily given, the Court may consider factors such as the defendant's age, education, background, physical and mental condition as well as the setting in which the consent is obtained. *Schneckloth v. Bustamonte*, 412 U.S. 218, 228 (1973).

In *United States v. Garcia*, the Second Circuit held that the Fourth Amendment is satisfied when, under the circumstances, it is objectively reasonable for a police officer to believe that an individual's consent permitted the officer to conduct the search. 56 F.3d 418 (2d. Cir. 1995). Whether an officer had a reasonable basis to believe that an individual consented to a search is an objective test that "does not preclude an assessment of the particularities of the situation that is presented in any given case." *Id*. Thus, the totality of the circumstances must be considered. *Id*.; *accord United States v. Sanchez*, 32 F.3d 1330, 1335-36 (8th Cir. 1994) (The ultimate question presented is "whether the officer has a reasonable basis for believing that there had been consent to the search.").

Here, Magistrate Judge McCarthy had an opportunity to observe the demeanor of all witnesses and listen to all of the testimony and evidence presented over the course of the evidentiary hearing. He concluded, based upon the totality of the circumstances, that consent was not given. Magistrate Judge McCarthy credited defendant's testimony that he never gave officers permission to search his residence, and that he expressly stated that the search was being conducted against his will. The Magistrate Judge chose not to credit the officers' testimony that defendant invited them in and consented to a search of his home. Based upon these factual findings, it was certainly not objectively reasonable for officers to believe that there was consent to search.

The Government argues that the Magistrate should not have considered the fact that defendant had contraband in his residence at the time of the search, since "it is not for the Court to consider whether a defendant acted in his own self-interest or to evaluate the logic behind his decision", but rather to consider if the defendant's actions were voluntary. *See United States v. Mendenhall*, 446 U.S. 544, 559 n. 7 (1980). Here, the Magistrate Judge acknowledged that while individuals can, and sometimes do, consent to a search knowing that contraband or incriminating evidence will be found, he found that possibility to be "extremely unlikely in this case." (Dkt. No. 29, pg. 8) The Court finds that the Magistrate Judge properly viewed the totality of the circumstances, as outlined in *Garcia*, when reaching his determination on the issue of consent. Further, this court does

not have to examine the "voluntariness" of consent, or defendant's subjective state of mind at the time of the search, since it accepts the Magistrate's finding, based solely upon his analysis of the credibility of the witnesses, that no consent to search was given at all.

The Government also specifically objects to the Magistrate Judge's decision to credit defendant's testimony. In support of its argument, the Government points to various inconsistencies in defendant's testimony over the course of the hearing. As explained above, a district court will ordinary accept the credibility findings of a magistrate judge made following an evidentiary hearing. At the conclusion of the hearing in this matter, Magistrate Judge McCarthy stated that he found defendant "in general to be very credible...not 100 percent credible, because there were some question marks in his testimony...but his demeanor was straight forward, I'm struck by it." (Dkt. No. 23, pg. 148) The Magistrate went on to find, in his written decision, that he was "impressed by defendant's forthright demeanor at the hearing" and that "[e]ven during cross-examination, [defendant] confidently and adamantly insisted that he did not consent to the search of his apartment." (Dkt. No. 29, pg. 9) The Magistrate Judge had the opportunity to view defendant's appearance and demeanor over the course of the hearing, and his Report and Recommendation, which is thorough and well-reasoned, logically sets forth his findings of fact and determinations of credibility. The Court will not second-guess the Magistrate

6

Judge in this regard, and rejects the Government's argument that a new evidentiary hearing is needed.

For the reasons set forth in Magistrate Judge McCarthy's Report and Recommendation, and for the reasons stated herein, defendant's motion to suppress evidence and statements is granted. The parties shall appear before this Court on August 20, 2013 at 9:00 a.m. for a status conference and/or meeting to set trial date.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 19, 2013